UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ROYDEL HOWE

                                     Plaintiff,

                   -against-

THE CITY OF NEW YORK, a municipal corporation;
AND THE NEW YORK CITY ADMINISTRATION
FOR CHILDREN'S SERVICES

                                 Defendants.

------------------------------------------------------------------- x

**ANSWER**

07 Civ. 6079 (LTS)

         Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES ("ACS"), by and through their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege as follows:

         1.   Deny the allegations set forth in the first unnumbered paragraph of the Complaint, except admit that plaintiff purports to proceed, as set forth therein.

         2.   Deny the allegations set forth in the second unnumbered paragraph of the Complaint, except admit that plaintiff purports to proceed as set forth in therein.

         3.   Deny the allegations set forth in the third unnumbered paragraph of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth in therein.

         4.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint.

5.  Deny the allegations set forth in paragraph "2" of the complaint, except admit that the Office of the Corporation Counsel of the City of New York has an office located at 100 Church Street, New York, New York.

6.  Deny the allegations set forth in paragraph "3" of the complaint, except admit that the New York City Administration for Children's Services ("ACS") has an office located at 66 John Street, New York, New York.

7.  Deny the allegations set forth in paragraph "4" of the complaint.

8.  Deny the allegations set forth in paragraph "5" of the complaint.

9.  Deny the allegations set forth in paragraph "6" of the complaint.

10. Deny the allegations set forth in paragraph "7" of the complaint.

11. Deny the allegations set forth in paragraph "8" of the complaint, except admit that plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") dated, February 20, 2007, that the EEOC issued a letter addressed to plaintiff, fated March 19, 2007, which acknowledged receipt of plaintiff's charge of employment discrimination, that on April 2, 2007, the EEOC issued a Right to Sue letter that was mailed to plaintiff, and respectfully refer the Court to the documents cited therein for a complete and accurate statement of their content.

12. As paragraph "8a"[1] of the complaint is a letter from the EEOC dated, March 19, 2007, which acknowledges receipt of plaintiff's charge of employment discrimination, a response is not required by defendants.  To the extent that the court deems that a response is

_____

[1] Plaintiff has annexed to the form pro se complaint several documents including type-written complaints and/or allegations.  For the convenience of the Court, defendants have numbered each paragraph/section and have answered each paragraph/section as set forth herein.  A copy of the Complaint and the exhibits annexed thereto, modified into sub-parts is annexed to this Answer as Exhibit "A."

required, defendants deny the allegations and respectfully refer the court to the cited document for a complete and accurate statement of its contents.

13. As paragraph "8b" of the complaint is the EEOC Right to Sue letter which was mailed on April 2, 2007, a response is not required by defendants. To the extent that the court deems that a response is required, defendants deny the allegations and respectfully refer the court to the cited document for a complete and accurate statement of its contents.

14. Deny the allegations set forth in paragraph "8c" of the complaint, except admit that in or about 1981, plaintiff was appointed to the civil service title of Accountant with the New York City Office of the Comptroller, that in or about 1985 plaintiff was appointed to the position of Associate Accountant with the New York City Human Resources Administration ("HRA") and that in 1995, plaintiff transferred to the Agency for Child Development ("ACD"), which at the time was a division of HRA, and assigned to the Technical Assistance Unit.

15. Deny the allegations set forth in paragraph "8d" of the complaint, except admit that ACS was created on January 10, 1996, that ACD was formerly a division of HRA, which as part of a reorganization was transferred in or about January 1996 to ACS, that plaintiff then became an employee of ACS at that time, that plaintiff currently works in the Fiscal Support Unit and/or Technical Support Unit ("FSU" or "TSU") of ACS and respectfully refer the Court to the New York City Charter, Chapter 24-B for a complete and accurate statement of the enabling legislation with respect to the defendant ACS.

16. Deny the allegations set forth in paragraph "8e" of the complaint, except admit that in or around October 2001, the FSU/TCU of ACS moved to its current location of 66 John Street, New York, New York and deny knowledge or information sufficient to form a belief

as to the truth of the allegations concerning the unidentified employee with alleged abnormal behavior.

17. Deny the allegations set forth in paragraph "8f" of the complaint, except admit that in or about October 30, 2001, plaintiff complained to "ACS Personnel" about a co-worker named Trevor Simpson, who he alleged disturbed plaintiff and hindered plaintiff's work.

18. Deny the allegations set forth in paragraph "8g" of the complaint.

19. Deny the allegations set forth in paragraph "8h" of the complaint, except admit that on August 9, 2006 at 12:55 p.m., plaintiff sent an e-mail to his former Supervisor Bernard Gold, which was copied to the Executive Director, Larry Thomas concerning alleged journal entries for $201,339, and respectfully refer the court to the document cited therein for a complete and accurate statement of its contents.

20. Deny the allegations set forth in paragraph "8i" of the complaint, except admit that on August 10, 2006 at 2:26 p.m., plaintiff's former supervisor, Bernard Gold sent plaintiff an e-mail concerning plaintiff's failure to meet job expectations, and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

21. Deny the allegations set forth in paragraph "8j" of the complaint, except admit that on November 16, 2006, at 6:09 p.m., plaintiff's then supervisor Bernard Gold sent an e-mail to plaintiff concerning plaintiff's failure to perform work assignments in an acceptable and timely manner and respectfully refer the Court to document cited therein for a complete and accurate statement of its contents.

22. Deny the allegations set forth in paragraph "8k" of the complaint, except admit that a Task and Standard form dated October 12, 2006 was completed by Bernard Gold,

plaintiff's former Supervisor, and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

23. Deny the allegations set forth in paragraph "8l" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff's unidentified co-workers have performed accounting work prior to their assignment in the FSU unit.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8m" of the complaint, except admit that ACS supervisors evaluate the performance of ACS employees and that if an ACS employee is given an "unsatisfactory" rating that disciplinary action can be taken against them.

25. Deny the allegations set forth in paragraph "8n" of the complaint.

26. As paragraph "8o" of the complaint is plaintiff's EEOC Charge of Discrimination, a response is not required by defendants. To the extent that the Court deems that a response is required, defendants deny the allegations and respectfully refer the court to the document cited therein for a complete and accurate statement of its contents.

27. Deny the allegations set forth in paragraph "8p" of the complaint.

28. Deny the allegations set forth in paragraph "8q" of the complaint, except admit that plaintiff's former supervisor was Bernard Gold, that Larry Thomas holds the title of Executive Director and was Mr. Gold's superior and that plaintiff previously complained about a co-worker, Trevor Simpson.

29. Deny the allegations set forth in paragraph "8r" of the complaint, except admit that plaintiff purports to be 65 years in age, from the West Indies (Caribbean), and self-identifies as Black, of African decent and male, and deny knowledge or information sufficient to form a

belief as to the truth of the allegations concerning the unidentified female who allegedly receives a higher salary than plaintiff and admit that plaintiff has exhibited poor work performance.

30. Deny the allegations set forth in paragraph "8s" of the complaint.

31. Deny the allegations set forth in paragraph "8t" of the complaint.

32. Deny the allegations set forth in paragraph "8u" of the complaint, except admit that in or about October 2001, plaintiff sent a memorandum to "ACS Personnel" in which he insisted that he or his co-worker Trevor Simpson be moved to another office location soon after FSU relocated to 66 John Street and respectfully refer the Court to the documents cited therein for a complete and accurate statement of their contents.[2]

33. Deny the allegations set forth in paragraph "8v" of the complaint, except admit that in or around July 2002, Executive Director, Larry Thomas and plaintiff's former Supervisor, Bernard Gold held a meeting for all FSU employees, during which it was discussed in part, that employees should not eat food at their desks and respectfully refer the Court to the documents cited therein for a complete and accurate statement of their contents.

34. Deny the allegations set forth in paragraph "8w" of the complaint, except admit that on November 16, 2006, at 6:09 p.m., plaintiff's then supervisor Bernard Gold sent an e-mail to plaintiff concerning plaintiff's failure to perform work assignments in an acceptable and timely manner and which mentioned plaintiff's "lethargic performance in previous similar assignments" and that on or about December 4, 2006, plaintiff sent an e-mail to his former Supervisor, Bernard Gold which referred to Mr. Gold's e-mail of November 16, 2006 and

---

[2] In paragraphs "8u" through "8qq" of the complaint, plaintiff cites to documents which were not annexed to the instant federal *pro se* complaint and as such, defendants cannot at this time respond to any allegations made on the basis of these documents and respectfully refer the Court to the documents cited in those paragraphs for a complete and accurate statement of their contents.

respectfully refer the Court to documents cited therein for a complete and accurate statement of their contents.

35. Deny the allegations set forth in paragraph "8x" of the complaint, except admit that on June 10, 2002, plaintiff sent e-mail to Larry Thomas and Bernard Gold and a memorandum, dated January 5, 2004, to Associate Commissioner Larry Lee, copied to Bernard Gold and Larry Thomas, concerning Trevor Simpson's use of air freshener and respectfully refer the court to the documents cited therein for a complete and accurate statement of their content.

36. Deny the allegations set forth in paragraph "8y" of the complaint, except admit that plaintiff has sent emails to his supervisors complaining about co-worker Trevor Simpson, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations concerning the referenced exhibits cited therein, which are not attached to the complaint.

37. Deny the allegations set forth in paragraph "8z" of the complaint, except admit that on May 20, 2005, Bernard Gold, plaintiff's former Supervisor, sent plaintiff an-e-mail that referenced in part, complaints against plaintiff by other ACS employees and that plaintiff purports to have drafted a memorandum to Bernard Gold, dated, August 30, 2005 and respectfully refer the Court to the documents cited therein for a complete and accurate statement of their contents.

38. Deny the allegations set forth in paragraph "8aa" of the complaint, except deny knowledge or information of the remaining allegations concerning the referenced exhibits cited therein, which are not attached to the complaint.

39. Deny the allegations set forth in paragraph "8bb" of the complaint, except deny knowledge or information of the remaining allegations concerning the referenced exhibits cited therein, which are not attached to the complaint.

40. Deny the allegations set forth in paragraph "8cc" of the complaint, except deny knowledge or information of the remaining allegations concerning the referenced exhibits cited therein, which are not attached to the complaint.

41. Deny the allegations set forth in paragraph "8dd" of the complaint, except admit that on or about October 12, 2006, plaintiff signed a Task and Standard From for the rating period of 10/1/05 to 9/30/06 and that the last performance evaluation plaintiff received was in August 1999 and respectfully refer the Court to the documents cited therein for a complete and accurate statement of their contents.

42. Deny the allegations set forth in paragraph "8ee" of the complaint.

43. Deny the allegations set forth in paragraph "8ff" of the complaint, except admit that on November 16, 2006, at 6:09 p.m., Bernard Gold, plaintiff's former supervisor sent an e-mail to plaintiff concerning plaintiff's failure to perform work assignments in an acceptable and timely manner and which mentioned plaintiff's "lethargic performance in previous similar assignments" and respectfully refer the Court to the document cited therein for a complete and accurate statement of its contents.

44. Deny the allegations set forth in paragraph "8gg" of the complaint, except deny knowledge or information of the remaining allegations concerning the referenced exhibits cited therein, which are not attached to the complaint.

45. Deny the allegations set forth in paragraph "8hh" of the complaint.

46. Deny the allegations set forth in paragraph "8ii" of the complaint.

47. Deny the allegations set forth in paragraph "8jj" of the complaint, except deny knowledge or information of the remaining allegations concerning plaintiff's deep and sincere convictions.

48. Deny the allegations set forth in paragraph "8kk" of the complaint, except deny knowledge or information of the remaining allegations concerning plaintiff's feelings.

49. Deny the allegations set forth in paragraph "8ll" of the complaint.

50. Deny the allegations set forth in paragraph "8mm" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's mind and memory.

51. Deny the allegations set forth in paragraph "8nn" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's mind and mental picture.

52. Deny the allegations set forth in paragraph "8oo" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the alleged" characteristics of Black men" and plaintiff's alleged fears and anxiety.

53. Deny the allegations set forth in paragraph "8pp" of the complaint, except deny knowledge or information of the remaining allegations concerning the primary causes of heart attacks and whether or not "the Union, DC37" conducted seminars and admit that ACS' Quality of Work Life has conducted seminars.

54. Deny the allegations set forth in paragraph "8qq" of the complaint.

55. Deny the allegations set forth in paragraph "8rr" of the complaint.

56. Deny the allegations set forth in paragraph "8ss" of the complaint.

57. Deny the allegations set forth in paragraph "8tt" of the complaint.

58. Deny the allegations set forth in paragraph "8uu" of the complaint and respectfully refer the court to the Supreme Court case cited therein for a complete and accurate statement of its contents.

59. Deny the allegations set forth in paragraph "8vv" of the complain, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the calculations of plaintiff's pension benefits.

60. Deny the allegations set forth in paragraph "8ww" of the complaint, except admit that plaintiff has not been promoted at ACS.

61. Deny the allegations set forth in paragraph "8xx" of the complaint.

62. Deny the allegations set forth in paragraph "8yy" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's feelings.

63. Deny the allegations set forth in paragraph "8zz" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged efforts to obtain an unidentified promotion or position as alleged in paragraph "8zz" of the complaint.

64. Deny the allegations set forth in paragraph "8aaa" of the complaint.

65. Deny the allegations set forth in paragraph "66" of the complaint, except admit that plaintiff does not have supervisory responsibilities ACS.

66. Deny the allegations set forth in paragraph "8ccc" of the complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff has alleged

that he did not file a charge with the New York State Division of Human Rights or the New York

City Commission on Human rights regarding defendants' alleged discriminatory conduct.

68. Admit the allegations set forth in paragraph "10" of the complaint.

69. Admit the allegations set forth in paragraph "11" of the complaint.

70. Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph "12" of the complaint, except admit that the EEOC issued

plaintiff a Right to Sue letter on April 2, 2007.

### FOR A FIRST DEFENSE:

71.    The complaint fails to state a claim upon which relief can be granted.

### FOR A SECOND DEFENSE:

72.    This action may be barred in whole or in part by the applicable statute of

limitations.

### FOR A THIRD DEFENSE:

73.    Defendants have not violated any rights, privileges or immunities under

the Constitution or laws of the United States and/or the State of New York or any political

subdivision thereof.

### FOR A FOURTH DEFENSE:

74.    At all times relevant to the acts alleged in the complaint, defendants'

actions were reasonable, proper, lawful, constitutional, made in good faith, and without malice.

### FOR A FIFTH DEFENSE:

75.    The complaint is barred, in whole or in part, as a result of Plaintiff's

failure to comply with all the conditions precedent for commencing this action.

## FOR A SIXTH DEFENSE:

76.    Any injuries alleged in the complaint were caused in whole or in part by plaintiff's culpable or negligent conduct.

## FOR A SEVENTH DEFENSE:

77.    The Court does not have jurisdiction over any federal claims asserted in the instant lawsuit that were not included in the charge of discrimination.

## FOR AN EIGHTH DEFENSE:

78.    All actions taken by defendants with respect to plaintiff were taken in good faith for non-discriminatory legitimate, non-discriminatory business reasons and based on reasonable factors other than plaintiff's race, color, national origin, and age.

**WHEREFORE,** defendants respectfully request that the Court issue an order dismissing the complaint in its entirety and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:          New York, New York
                September 20,  2007

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-144
New York, New York 10007
(212) 788-8685

By

Camille D. Barnett (CDB 8615)
Assistant Corporation Counsel

## CERTIFICATE OF SERVICE

I hereby certify that, on September 20, 2007, I caused a true and correct copy of

the foregoing ANSWER to be served by First Call Mail on Plaintiff, *Pro Se*, Roydel Howe, at

169-04 88th Avenue, #1J, Jamaica, New York 11432.

Dated:     New York, New York
           September 20, 2007

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendants
                        100 Church Street, Room 2-144
                        New York, New York 10007
                        (212) 788-8685

                        By: _____
                            Camille D. Barnett (CDB 7615)
                            Assistant Corporation Counsel

Docket No. 01 Civ. 6079 (LYS)

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROYDEL HOWE,

Plaintiff,

-against-

THE CITY OF NEW YORK, a municipal corporation, and the
NEW YORK CITY ADMINISTRATION FOR
CHILDREN'S SERVICES,

Defendants.

## ANSWER

### MICHAEL A. CARDOZO
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street
New York, N.Y. 10007

*Of Counsel: Camille D. Barnett*
*Tel: (212) 788-8685*
*NYCLIS No. 2007-020923*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ...................................................., 200......

............................................................................ *Esq.*

*Attorney for* ........................................................................